IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATHER SUMMERS, | ) | Case No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| OMAHA POLICE DEPARTMENT, DOUGLAS COUNTY SHERIFF'S DEPARTMENT, SARPY COUNTY SHERIFF'S DEPARTMENT, CITY OF OMAHA, DOUGLAS COUNTY, SARPY COUNTY, NEBRASKA STATE PATROL and DEPUTIES JANE OR JOHN DOE, 1-100, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES OF DEFENDANTS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Heather Summers for her Complaint against Omaha Police Department, Douglas County Sheriff's Department, Sarpy County Sheriff's Department, City of Omaha, Douglas County, Sarpy County, Nebraska State Patrol, and Deputies Jane or John Doe, 1-100, in their individual capacities as employees of Defendants, states and alleges as follows:

1. <u>Plaintiff</u>. Plaintiff Heather Summers is a resident of Sarpy County, Nebraska.

2. <u>Defendant Omaha Police Department.</u> Defendant Omaha Police Department is a law enforcement agency which was and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit.

3. <u>Defendant Douglas County Sheriff's Department</u>. Defendant Douglas County Sheriff's Department is a law enforcement agency which was and is responsible

112921/620163/KEB/00385616

under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit.

4. <u>Defendant Sarpy County Sheriff's Department.</u> Defendant Sarpy County Sheriff's Department is a law enforcement agency which was and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit.

5. <u>Defendant City of Omaha.</u> Defendant City of Omaha is a municipality incorporated in the state of Nebraska which was and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit.

6. <u>Defendant Douglas County.</u> Defendant Douglas County is a municipality incorporated in the state of Nebraska which was and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit.

7. <u>Defendant Sarpy County</u>. Defendant Sarpy County is a municipality incorporated in the state of Nebraska which was and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit.

8. <u>Defendant Nebraska State Patrol.</u> Defendant Nebraska State Patrol is a law enforcement agency which was and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue in this lawsuit

9. <u>Defendants Officers and Deputies Jane or John Doe, 1-100.</u> Defendants Officers and Deputies Jane or John Does 1-100 are employees with or agents of the above-named Defendants who responded to protests on May 29, 2020, and May 30, 2020. The precise number and identity of these Defendants is currently unknown to Plaintiff. At all relevant times, each of these Defendants were acting under color of state law and in the scope of their employment.

10. <u>Jurisdiction and Venue</u>. This Court has original jurisdiction of this matter pursuant to *28 U.S.C. §1331* because it involves a federal question under *42 U.S.C. §1983*. Venue is proper pursuant to *28 U.S.C. §1391(b)* because the Defendants reside in this Judicial District and it is where a substantial part of the events giving rise to these claims occurred.

## FACTUAL ALLEGATIONS

11. <u>Incorporation.</u> Plaintiff incorporates Paragraphs 1 through 10 as fully set forth herein.

12. <u>George Floyd.</u> On May 25, 2020, George Floyd, a black man, was killed by Minneapolis police officers. Video footage of the murder was posted online, where millions of people watched a law enforcement officer kill an unarmed man.

13. <u>Protests.</u> The video footage and subsequent inaction by law enforcement to hold any of the perpetrators accountable led to nationwide protests. On the evening of May 29, 2020, and into the early hours of May 30, 2020, thousands of local citizens gathered at the intersection of 72nd and Dodge Street in Omaha, Nebraska, to protest the killing of Mr. Floyd, and other instances of excessive force by police officers.

14. <u>Defendants' Response</u>. Law enforcement agencies and officers responded to the protest. Initially, the protests were peaceful. At approximately 7:58 p.m., a "help an officer" call was made and police escalated their crowd control tactics, including deploying riot police who moved to clear protestors out of the intersection of 72nd and Dodge Street. Law enforcement began using crowd control tactics such as firing tear gas and pepper balls at the protestors to make them disperse. They also advanced in a phalanx to physically remove protestors from the intersection.

15. <u>Plaintiff's Location</u>. Plaintiff was away from the "front lines" from where law enforcement began to physically engage with protestors. Despite her distance from the skirmish, and not posing any threat to law enforcement officers, Plaintiff was struck in the head by a projectile, believed to be a tear gas cannister or other crowd control weapon, fired by an unknown law enforcement officer. Omaha Police Officers, Douglas County

Sheriff's Deputies, Sarpy County Sheriff's Deputies, and Nebraska State Patrol Deputies were near enough to have fired the projectile. To date, the identity and employer of the officer that fired the projectile is unknown.

16. <u>Injury</u>. The projectile caused an open would on Plaintiff's head, which began bleeding profusely. She sought medical attention at an onsite medical triage station and then slowly made her way back to her vehicle, which was parked several blocks away. On her way back to the vehicle, an Omaha Police Officer made remarks to Plaintiff that she deserved to be injured.

17. <u>Treatment</u>. Plaintiff went to the Emergency Department at the University of Nebraska Medical Center in Bellevue, Nebraska. She was diagnosed with a concussion and head laceration. Plaintiff still experiences physical symptoms from the concussion and has required ongoing medical care, including wound care, neurological treatment, counseling, and dental work.

## MUNICIPAL LIABILITY

18. <u>Incorporation</u>. Plaintiff incorporates Paragraphs 1 through 17 as fully set forth herein.

19. <u>Political Subdivision Tort Claims Act</u>. Pursuant to *Neb. Rev. Stat. §13-901*, et. seq., Plaintiff submitted a written Notice to Defendants on May 25, 2021. Defendants have not responded to this Notice. Plaintiff otherwise complied with the requirements of Nebraska's Political Subdivisions Tort Claims Act.

20. <u>Defendants' Duties</u>. At all material times, Defendants were charged with enforcing law and maintaining order. Defendants were acting under the color of state law when, without provocation, Plaintiff was hit in the head by a projectile fired by the Defendants.

## FIRST CAUSE OF ACTION - *42 U.S.C. §1983*

21. <u>Incorporation.</u> Plaintiff incorporates Paragraphs 1 through 20 as fully set forth herein.

22. <u>Violations.</u> Defendants are liable to Plaintiff under *42 U.S.C. §1983* in that their actions deprived Plaintiff's First Amendment rights. Plaintiff's First Amendment rights were violated in the following ways:

   I. Unconstitutional retaliation for expressive conduct protected under the First Amendment;

   II. Violation of the right to peaceably assemble;

   III. Unconstitutional restriction to a traditional public forum; and

   IV. As an unconstitutional content based and viewpoint-based discrimination.

23. <u>Municipal Policies.</u> Defendant adopted and/or ratified municipal policies, practices, and customs that caused the violations complained of herein and, in the alternative, have actual or constructive notice of the constitutional violations described herein and failed to take action, thereby allowing the continuation of such a policy or custom, and causing the harms complained of herein.

24. <u>First Amendment Rights.</u> Plaintiff's right to assemble and observe peaceably are protected activities under the First Amendment of the United States Constitution.

25. <u>Color of Law.</u> Defendants, including the Doe Defendants, acted under the color of state law when they deprived Plaintiff of her rights to assemble and observe peaceably by shooting her in the head with a projectile.

26. <u>Deprivation of Rights.</u> At the time Defendants, including the Doe Defendants, deprived Plaintiff of these rights Defendants knew or should have known Plaintiff was engaged in conduct protected by the First Amendment and other portions of the United States Constitution.

27. <u>Motivation</u>. Defendants' use of force against Plaintiff was substantially motivated by the protests or in Plaintiff's engagement in the First Amendment protected activity, which constituted an effort to deter future similar activity, and evidences of pattern or practice of unconstitutional conduct that is certain to continue absent relief.

28. <u>Further Retaliation</u>. Plaintiff fears further retaliation in the future and violations of the First Amendment if she continues to observe or otherwise participate in constitutionally protected activity.

29. <u>Proximate Cause</u>. The above-described conduct was, and continues to be, proximate cause of Plaintiff's pain and suffering and has chilled her desire to attend future protests or participate in other constitutionally protected activities.

## SECOND CAUSE OF ACTION - VIOLATION OF THE FOURTEENTH AMENDMENT

29. <u>Incorporation.</u> Plaintiff incorporates Paragraphs 1 through 29 as fully set forth herein.

30. <u>Color of Law.</u> Defendants acted under color of state law when they decided to fire projectiles at Plaintiff, thereby violating her Fourteenth Amendment right to due process.

31. <u>Liberty Interest.</u> Plaintiff has a protected First Amendment liberty interest in the right to assemble, observe, and demonstrate peaceably.

32. <u>Excessive Force.</u> Plaintiff has a right to not be subject to excessive force in the context of engaging in expressive First Amendment activity.

33. <u>Defendants' Actions</u>. Defendants had no cause to engage with Plaintiff. She was not near the front lines of the police and protestors. She posed zero threat to any law enforcement member or other protestor. Despite this, Defendants willfully engaged in the course of conduct that constituted excessive force by shooting her in the head with a projectile.

34. <u>Proximate Cause.</u> As a direct and proximate cause of Defendants unlawful actions, Plaintiff endures pain and suffering.

## THIRD CAUSE OF ACTION - STATE LAW NEGLIGENCE

35. <u>Incorporation.</u> Plaintiff incorporates Paragraphs 1 through 34 as fully set forth herein.

36. <u>Use of Force.</u> Defendants have adopted official policy governing the use of force.

37. <u>Deadly Force</u>. Officers are permitted to use deadly force only in certain limited circumstances, including to protect deputies or others from threats of death or serious bodily injury.

38. <u>Crowd Control Measures</u>. Crowd control measures such as pepper balls, flash bang grenades, and tear gas canisters come with warnings that such weaponry "may cause serious injury or death to you or others," and thus, "must be used only by authorized and trained law enforcement."

39. <u>Use of Deadly Force.</u> On the evening of May 29, 2020, and into the early morning of May 30, 2020, Doe Defendants, collectively and in concert with each other, began firing projectiles indiscriminately at individuals in crowds that posed no threat of death or serious injury to the Doe Defendants.

40. <u>Liability.</u> Conduct of these Doe Defendants was inherently dangerous, and specifically regarding Plaintiff, violated pertinent policies as Plaintiff's actions did not create a set of circumstances necessitating the use of deadly force. Accordingly, all officers are alternatively liable for the conduct of each other.

41. <u>Proximate Cause.</u> As a direct and proximate cause of this conduct, Plaintiff sustained damages.

## PRAYER

WHEREFORE, Plaintiff respectfully prays as follows:

1. Special damages in the cost of her medical care in an amount to be proven at Trial;
2. Compensatory damages for the violations of her constitutional and statutory rights;
3. Punitive damages;
4. Attorneys fees pursuant to *42 U.S.C. §1988*;
5. Costs and interests as permitted by law; and
6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Demand is respectfully made for Trial by jury on all issues so triable.

Dated this 29TH day of November, 2021.

HEATHER SUMMERS, Plaintiff,

By: _____
Spencer W. Werth, #25574
Attorney for Plaintiff
Copple, Rockey, Schlecht & Mason P.C., L.L.O.
14680 West Dodge Road
Suite 3
Omaha, NE 68154
Phone: (402) 493.5675
Facsimile: (402) 493.5679
Email: swwerth@greatadvocates.com

STATE OF NEBRASKA )
                  ) ss.
COUNTY OF Sarpy )

Heather Summers, being first duly sworn upon her oath, deposes and says that she is the Plaintiff in the above entitled cause; she has read the contents of the foregoing Complaint and knows the facts therein stated are true as she verily believes.

_____
Heather Summers, Plaintiff

Subscribed and sworn to before me this 26th day of November, 2021, by Heather Summers.

_____
Notary Public

MICHELE L. HATCHER
General Notary - State of Nebraska
My Commission Expires Aug 16, 2023

112621/620163/KEB/00385616              -9-