IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATHER SUMMERS,<br><br>Plaintiff,<br><br>vs.<br><br>OMAHA POLICE DEPARTMENT, DOUGLAS COUNTY SHERIFF'S DEPARTMENT, SARPY COUNTY SHERIFF'S DEPARTMENT, CITY OF OMAHA, DOUGLAS COUNTY, SARPY COUNTY, NEBRASKA STATE PATROL, and JANE OR JOHN DOE, Deputies, 1-100, in their individual capacities as employees of defendants;<br><br>Defendants. | 8:21CV453<br><br>MEMORANDUM AND ORDER |

This case come before the Court on Defendants' motions to dismiss, Filing No. 18 (Nebraska State Patrol); Filing No. 20 (City of Omaha, Omaha Police Department); Filing No. 22 (Douglas County, Douglas County Sheriff's Department); Filing No. 24 (Sarpy County, Sarpy County Sheriff's Department); and Plaintiff's motion to file an amended complaint in response to the dismissal motions, Filing No. 28. For the reasons stated herein, the Court grants in part and denies in part Plaintiff's motion to file an amended complaint and denies Defendants' motions to dismiss as moot without prejudice to reassertion once the amended complaint is filed.

I.   BACKGROUND

Plaintiff, Heather Summers, was struck in the head and injured during the protests in Omaha following the murder of George Floyd. Filing No. 1 at 3. She asserts the projectile that struck her was a tear-gas cannister or other crowd-control weapon and that

1

a law enforcement officer from the Omaha Police Department, Douglas County Sheriff's Department, Sarpy County Sheriff's Department, or Nebraska State Patrol fired it. *Id.* at 3–4.

Summers brought suit against the Omaha Police Department, Douglas County Sheriff's Department, Sarpy County Sheriff's Department, City of Omaha, Douglas County, Sarpy County, Nebraska State Patrol, and John/Jane Doe officers. *Id.* at 1. She alleged liability under 42 U.S.C. § 1983 for depriving her of her First Amendment rights, Violation of her Fourteenth Amendment right to due process, and state-law negligence for use of deadly force. *Id.* at 7.

In response, the various defendants filed motions to dismiss advancing similar arguments. Filing No. 18; Filing No. 20; Filing No. 22; Filing No. 24. They argued that Summers' second cause of action for violation of the Fourteenth Amendment should be dismissed because such claims should be analyzed under the Fourth Amendment, *see e.g.*, Filing No. 21 at 5 (citing *Moore v. Novak*, 146 F.3d 531, 535 (8th Cir. 1998), for the principle that an excessive force claim must be evaluated under the Fourth rather than the Fourteenth Amendment). Defendants also argued the Court should dismiss Summers's third cause of action for state-law negligence because the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-910, does not permit suits arising out of battery. *See* Filing No. 21 at 9–10. The Nebraska State Patrol also moved to dismiss all claims against it because it was protected by sovereign immunity since it is a state rather than municipal entity. *See* Filing No. 19 at 4 (citing *Deretich v. Off. of Admin. Hearings, State of Minn.*, 798 F.2d 1147, 1154 (8th Cir. 1986), for the principle that state agencies are immune from § 1983 claims under the Eleventh Amendment). The Omaha

2

Police Department, Douglas County Sheriff's Department, and Sarpy County Sheriff's Department moved to dismiss the claims against them, arguing that they are not entities that have the capacity to be sued and the proper parties to sue were already named in the complaint (that is, the City of Omaha instead of the Omaha Police Department, Douglas County rather than the Douglas County Sheriff's Department, and Sarpy County rather than the Sarpy County Sheriff's Department). *See, e.g.*, Filing No. 21 at 4 (citing *Meyer v. Lincoln Police Dept.*, 347 F. Supp. 2d 706 (D. Neb. 2004), for the proposition that a Nebraska municipality does not delegate its power to sue and be sued to its various departments).

Instead of responding to the motions to dismiss, Summers filed a motion entitled "Motion to Dismiss the Nebraska State Patrol, Dismiss Count III, and Motion to Amend Complaint." Filing No. 28. Apparently conceding that it is protected by sovereign immunity, Summers sought to dismiss the Nebraska State Patrol as a party to the case. *Id.* at 2. Summers also sought to dismiss the Omaha Police Department, the Douglas County Sheriff's Department, and the Sarpy County Sheriff's Department, in line with their arguments that they are not entities capable of being sued and the proper parties were, in fact, the City of Omaha, Douglas County, and Sarpy County, respectively. *Id.* at 4. Summers also sought to dismiss Count III of her complaint in accordance with Defendants' argument that her state-law negligence claim was barred by the intentional-tort prohibition of the PSTCA. *Id.* at 2. Summers changed her second cause of action from alleging a violation of the Fourteenth Amendment to alleging a violation of the Fourth Amendment, again in apparent concession of Defendants' arguments in their motions to dismiss. *Id.* at 10. Lastly, Summers sough to add several parties: Chief of the Omaha

3

Police Department, Todd Schmaderer; Douglas County Sheriff Timothy Dunning; Sarpy County Sheriff Jeff Davis, and Nebraska State Patrol Superintendent Colonel John A. Bolduc. *Id.* at 4. Summers's proposed amended complaint sues these newly named defendants in both their individual and official capacities. *Id.* at 5.

Defendants opposed Summers's proposed amended complaint in part. None of the defendants objected to her proposed amendment dismissing the Nebraska State Patrol, the Omaha Police Department, the Douglas County Sheriff's Department, and the Sarpy County Sheriff's Department as parties to the case. *See, e.g.*, Filing No. 29 at 2. Defendants also did not object to her proposal to dismiss Count III or amend Count II to be under the Fourth rather than the Fourteenth Amendment. *See, e.g.*, *id.* However, all Defendants opposed Summers's proposal to add Schmaderer, Dunning, Davis, and Bolduc as parties to the case. *See, e.g.*, *id.* at 3–6. They argued that the amended complaint lacked sufficient detail to impose liability on these new defendants in their individual capacities. *Id.* at 3. As to the claims against them in their official capacities, Defendants argued such claims would merely merge with the claim against the individual's respective employer (the municipal entity) and were therefore futile amendments. *Id.* at 5. Finally, as to Bolduc only, the Nebraska State Patrol argued amendment to add him as a defendant in his official capacity was also futile on the basis that NSP was protected by sovereign immunity. Filing No. 30 at 2.

II.     ANALYSIS

    A. Standard for Allowing Amended Pleading

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ.

P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

"An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (quoting Silva v. Metro. Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014)). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017)).

**B. Dismissal of Parties, Dismissal of Count III, and Amendment of Count II**

Summers first seeks leave to amend her complaint by dismissing the Nebraska State Patrol, the Omaha Police Department, the Douglas County Sheriff's Department, and the Sarpy County Sheriff's Department. Filing No. 28 at 4. Summers also seeks to dismiss Count III in its entirety, id. at 2, and to allege her second cause of action under the Fourth rather than the Fourteenth Amendment, id. at 10. No party opposes these proposed amendments, and the Court thus allows Summers to amend her complaint in this manner.

### C. Addition of New Parties

Summers next proposes adding several parties in her amended complaint: Chief of the Omaha Police Department, Todd Schmaderer; Douglas County Sheriff Timothy Dunning; Sarpy County Sheriff Jeff Davis, and Nebraska State Patrol Superintendent Colonel John A. Bolduc. Filing No. 28 at 4. Defendants oppose the addition of these parties in both their individual and official capacities.

### 1. Individual Capacities

Defendants oppose amending the complaint to include the newly named defendants in their individual capacities because they allege the amended complaint fails to state a claim upon which relief can be granted. See Filing No. 29 at 3. Specifically, they argue the amended complaint is a bare recitation of the applicable legal standard and lacks adequate factual detail to support an individual-capacity claim against these defendants.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Iqbal*, 556 U.S. at 677). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only 'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.'" *Id.* (quoting *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)).

Defendants argue Summers has failed to plead either directly liability or failure to train/supervise on the part of the newly added defendants. Filing No. 29 at 3–4. Summers's proposed amended complaint states, in relevant part:

> Defendant adopted and/or ratified municipal policies, practices, and customs that caused the violations complained of herein and, in the alternative, have actual or constructive notice of the constitutional violations described herein and failed to take action, thereby allowing the continuation of such a policy or custom, and causing the harms complained of herein, namely failure to train and/or enforce competency standards in the deployment of crowd control weapons to avoid unnecessary injury.

Filing No. 28 at 9. Although not highly detailed, Summers's complaint adequately states a cause of action for individual liability based on a "failure to train and/or enforce competency standards in the deployment of crowd control weapons." Thus, amendment of the complaint to allow these individual-capacity claims against Schmaderer, Dunning, Davis, and Bolduc is not futile and should be allowed.

    *2. Official Capacities*

Lastly, Defendants oppose allowing Summers to amend her complaint to include claims against Schmaderer, Dunning, Davis, and Bolduc in their official capacities. Filing No. 29 at 5–6.

"[A] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Parrish*, 594 F.3d at 997 (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)). Summers has already named the respective employer entities for Schmaderer (City of Omaha), Dunning (Douglas County), and Davis (Sarpy County). Thus, the suits against Schmaderer, Dunning, and Davis in their official capacities would merge with the suits against these entities and are therefore futile.

As to Bolduc, Summers has moved to dismiss his municipal employer, NSP, from the case. Thus, an official-capacity suit against Summers would become a suit against a defendant whom Summers has indicated she does not wish to sue. Even if Summers somehow intended to add NSP back into the suit via her official-capacity claim against Bolduc, such an amendment would be futile because the suit against NSP is barred by Eleventh Amendment sovereign immunity.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444. Sovereign immunity does not bar § 1983 claims which seek equitable relief from state employee defendants acting in their official capacity. *See id.*

Here, Summers seeks only monetary relief. *See* Filing No. 28 at 11 (proposed amended complaint seeking only damages). Thus, the exception to sovereign immunity for equitable relief is inapplicable. Summers's claim against Bolduc in his official capacity is a claim against NSP, which cannot be sued pursuant to the Eleventh Amendment because it is a state instrumentality. *See Egerdahl*, 72 F.3d at 619. Thus, allowing Summers to amend her complaint to add an official-capacity claim against Bolduc is futile and such leave is denied.

**D. Motions to Dismiss**

Having concluded that Summers should be granted leave to file an amended complaint as stated above, the Court denies Defendants' various motions to dismiss the first complaint. See *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (suggesting the filing of an amended complaint renders a motion to dismiss the original complaint moot). Summers's amended complaint addresses many of the arguments raised therein. To the extent Defendants believe arguments raised in their motions to dismiss apply to the amended complaint, they may file a motion to dismiss the amended complaint on such grounds.

Accordingly, IT IS ORDERED:

1. Summers's motion for leave to file an amended complaint (Filing No. 28) is granted in part and denied in part as follows:

    a. Summers is granted leave to dismiss the Nebraska State Patrol, the Omaha Police Department, the Douglas County Sheriff's Department, and the Sarpy County Sheriff's Department as parties to the case;

    b. Summers is granted leave to add claims against Chief of the Omaha Police Department, Todd Schmaderer; Douglas County Sheriff Timothy Dunning; Sarpy County Sheriff Jeff Davis; and Nebraska State Patrol Superintendent Colonel John A. Bolduc in their individual capacities;

    c. Summers is granted leave to dismiss Count III;

    d. Summers is granted leave to amend Count II to proceed under the Fourth Amendment rather than the Fourteenth Amendment;

    e. Summers is denied leave to add claims against Schmaderer, Dunning, Davis, and Bolduc in their official capacities;

2. Summers is ordered to file an amended complaint which complies with the preceding paragraph within fourteen days of the date of this Order; and

3. Defendants' motions to dismiss (Filing No. 18; Filing No. 20; Filing No. 22; Filing No. 24) are denied without prejudice to reassertion once Plaintiff has filed her amended complaint.

Dated this 15th day of August, 2022.

                                          BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Senior United States District Judge