IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATHER SUMMERS,<br><br>  Plaintiff,<br><br>vs.<br><br>DEPUTIES OR OFFICERS JANE OR JOHN DOE, 1-100, in their individual capacities as employees of the Nebraska State Patrol, Omaha Police Department, Douglas County Sheriff's Department, and Sarpy County Sheriff's Department;<br><br>  Defendants. | 8:21CV453<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on motions for reconsideration, Filing Nos. 76, 78, of this Court's order dated September 6, 2023, which denied motions to dismiss by parties who had previously been terminated from the litigation and ordered those parties to file answers to the Plaintiff's second amended complaint within 14 days of the date of the order. Filing No. 75.

This is an action for deprivation of civil rights under 42 U.S.C. § 1983, arising out of an alleged use of force that occurred on May 29, 2020. Filing No. 58. This Court granted motions to dismiss filed by the previously terminated parties: City of Omaha, Douglas County, Sarpy County, Todd Schmaderer, Chief of the Omaha Police Department, in his individual capacity, Timothy Dunning, Douglas County Sheriff, in his individual capacity, Jeff Davis, Sarpy County Sheriff, in his individual capacity, and John A. Bolduc, Colonel, Nebraska State Patrol Superintendent, in his individual capacity, on February 22, 2023. Filing No. 57. This Court further ordered discovery in the case to

1

commence, and "[o]nce Ms. Summers ascertains the identity of her alleged assailant(s), the scope of discovery shall extend to any policies, supervision, and training regarding the alleged misconduct"; "Ms. Summers shall file an amended complaint conforming with this ruling, or move to further amend her complaint, within 30 days of this order"; and "[t]he Nebraska State Patrol, Omaha Police, and Douglas and Sarpy County Sherriff's Departments' answers or further pleadings on behalf of their currently unnamed officers or deputies shall be due 14 days following the filing of Ms. Summers's amended complaint." Filing No. 57.

The Plaintiff, Heather Summers, failed to comply with this Court's order regarding discovery. Instead, she filed her Second Amended Complaint as captioned above. Filing No. 58. None of the previously terminated parties are named in the Second Amended Complaint.

The Sarpy County Sheriff's Department, Douglas County, the Nebraska State Patrol, and the City of Omaha moved to dismiss the Second Amended complaint pursuant to Federal Rule of Civil Procedure § 12(b)(1), 12(b)(2), 12(b)5, and 12(b). Filing Nos. 59, 61, 63, and 65. Summers opposed the motions and asked that they "be overruled, the municipalities and/or their law enforcement agencies file a responsive pleading, and Plaintiff be allowed to conduct discovery as to the identities of the unknown officers and policies and procedures relative to crowd control weaponry." Filing No. 70.

In its order denying the motions to dismiss, this Court cited "the plaintiff's complaints, taken together in the context of the Court's previous orders," and found said complaints "can be understood to raise cognizable Section 1983 First Amendment and Excessive Force claims against the Counties, the City, and unnamed law enforcement

2

officers or deputies and supervisors/policymakers in their individual capacities." Filing No. 75 at 7. In addition to denying the motions to dismiss, the Court ordered:

> Defendants City of Omaha, Douglas County, Sarpy County, Todd Schmaderer, Timothy Dunning, Jeff Davis, and John A. Bolduc, in their individual capacities, and deputies or officers Jane or John Doe, shall file answers within 14 days of the date of this order. The parties shall contact the chambers of the United States Magistrate Judge for further progression of this action.

Filing No. 75 at 8.

Terminated parties Douglas County, Sarpy County, City of Omaha, the Nebraska State Patrol, and Col. John A Bolduc, in his individual capacity filed motions to reconsider pursuant to Fed. R. Civ. P. 60 and 12. Filing Nos. 76, 78. The parties request relief from the requirements specified in the Court's September 6, 2023, order (Filing No. 75). Filing No. 76, 78.

A "motion to reconsider" is not authorized by the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Thus, "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60 (b) (relief from judgment for mistake or other reason)." *Id.* "A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]" regardless of whether the party moves under Rule 60(b) or Rule 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). In civil cases, a motion for reconsideration serves the limited function of correcting manifest errors of law or presenting newly discovered evidence. *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated. *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015) (noting that the inquiry is narrow);

3

*Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996) (evidence presented on a motion for reconsideration "must be truly new, in the sense that it was previously unavailable").

The parties, who were previously terminated from this litigation, argue reconsideration of the Court's September 6, 2023, order is required because Summers' second amended complaint, which did not name any of the previously dismissed parties as defendants, superseded the prior complaints rendering them with no legal effect. Filing Nos. 77, 79. They argue further there has been no proper service of the second amended complaint; therefore, there is no personal jurisdiction. *Id.* The previously terminated parties also argue because the second amended complaint does not identify any of the previously dismissed parties as defendants, they are not subject to jurisdiction by this Court and should not have been ordered to file answers to a complaint in which they are not named as parties. *Id.*

"When a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect." *Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). After an amended complaint is filed, there is no longer an original complaint to consider, and allegations that were made in the earlier pleading but not in the amended pleading are no longer at issue. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

In *Hoefling*, the plaintiff sued the defendants under 42 U.S.C. § 1983, federal maritime law, and state law for unlawfully, without justification and without notice, seizing and destroying his sailboat. When the plaintiff filed his initial complaint, he attached the code enforcement notice left on his sailboat. Then in his first amended complaint, the plaintiff attached three incident reports as exhibits. "Although [the plaintiff] did not attach

4

the code enforcement notice or the incident reports as exhibits to his second amended complaint, the district court—at the defendants' urging--considered the contents of those reports in ruling on the motion to dismiss that complaint." *Hoefling*, 811 F.3d at 1276.

The appellate court determined that decision was erroneous and reversed the district court's dismissal of the plaintiff's second amended complaint stating:

> As a matter of law, the second amended complaint filed by Mr. Hoefling 'supersede[d] the former pleadingl[s]; the original pleading[s] [were abandoned by the amendment, and [were] no longer a part of [Mr. Hoefling's] averments against his adversar[ies].' *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). So, when Mr. Hoefling filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity.

*Id.* at 1277.

In the case at bar, it was an error to order non-parties to answer the plaintiff's second amended complaint. The second amended complaint does not identify or name any of the previously dismissed parties as defendants, and it does not describe any factual allegations against the previously dismissed parties. Consequently, this Court is without jurisdiction to order those parties to file answers to the second amended complaint, and the motions for reconsideration of this Court's order should be granted in part. Therefore,

    IT IS ORDERED:

        1.    The motions for reconsideration (Filing Nos. 76, 78) are granted as consistent with this order.

        2.    That portion of the Court's order dated September 6, 2023 (Filing No. 75) which requires unnamed parties to answer is vacated, and the parties

5

who were previously dismissed and not named in the operative second amended complaint are relieved of any obligations required by said order.

3. Defendants City of Omaha, Douglas County, Sarpy County, Todd Schmaderer, Timothy Dunning, Jeff Davis, and John A. Bolduc, in their individual capacities, motions to dismiss (Filing No. 59, Filing No. 61, Filing No. 63, and Filing No. 65) are denied as moot because they are not named parties in the Plaintiff's Second Amended Petition.

4. The Plaintiff is directed to this Court's order dated February 22, 2023, (Filing No. 57), and she is ordered to conduct the discovery previously ordered therein.

5. The Plaintiff must file an amended complaint within 30 days after conducting the required discovery.

6. The Nebraska State Patrol, Omaha Police, and Douglas and Sarpy County Sheriffs' Departments' answers or further pleadings on behalf of their currently unnamed officers or deputies shall be due 14 days following the filing of the Plaintiff's amended complaint, which will identity by name the currently unnamed officers or deputies.

Dated this 4th day of December, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge