IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATHER SUMMERS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CURD, in their individual capacities and as employees of the Omaha Police Department; and JAIME DESAUTELS, in their individual capacities and as employees of the Omaha Police Department;<br><br>Defendants. | **8:21CV453**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, Heather Summers, contends Defendants, Michael Curd and Jaime Desautels, violated her First Amendment rights under 42 U.S.C. § 1983 and her Fourth Amendment rights when she was allegedly struck in the head by a projectile fired by Defendants while attending a protest. This case comes before the Court on the Defendants' Motion for Summary Judgment. Filing No. 133. For the reasons set forth herein, the Court grants the Defendants' motion.

## I. BACKGROUND

On May 29 and 30, 2020, Plaintiff Heather Summers ("Summers") participated in a protest against police brutality in the aftermath of the killing of George Floyd. Filing No. 103. While attending the protest, Summers was allegedly struck in the head by a

projectile. *Id.* Summers believes she was struck by a tear gas cannister or other crowd control weapon fired by the named Defendants, Michael Curd ("Curd") and Jaime Desautels ("Desautels"). *Id.*

Summers filed the currently operative, Third Amended Complaint, on July 9, 2024. Filing No. 103. The Third Amended Complaint names the Individual Defendants in their individual capacity and official capacity as employees of the Omaha Police Department. *Id.* The Third Amended Complaint alleges two causes of action against both Defendants: (1) Violation of First Amendment rights under 42 U.S.C. §1983, and (2) Violation of the Fourth Amendment. *Id.* The Court dismissed the official capacity claims on March 28, 2025. Filing No. 117.

Defendants now move for summary judgment as to Summers' claims against Defendants in their individual capacities for violation of First Amendment rights under 42 U.S.C. § 1983 and violation of the Fourth Amendment. Filing No. 133. In support of their motion, Defendants have submitted the body camera footage from Officers Slingwine and Desautels documenting their location and actions during the time period Summers was allegedly hit, body camera still photographs from Officers Slingwine and Schuster, and deposition testimony of both of the Defendants. Filing No. 134. In opposition to summary judgment, Summers' counsel has submitted the Third Amended Complaint (Filing No. 103) and an Affidavit from Summers. Filing No. 143.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "an adverse party cannot produce admissible evidence to support" a fact essential to the nonmoving party's claim. Fed. R. Civ. P. 56(c)(1)(A) & (B). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment

is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

**B. First Amendment**

Summers claims Defendants' actions deprived Summers' First Amendment rights. Filing No. 103. Specifically, she claims they violated her rights "by shooting her in the head with a projectile." *Id.*

To establish a constitutional violation under the First Amendment, Summers must show: (1) she engaged in protected activity; (2) the government took adverse action against her that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Wolk v. City of Brooklyn Center*, 107 F.4th 854, 859-60 (8th Cir. 2024) (citing *Green v. City of St. Louis*, 52 F.4th 734, 739 (8th Cir. 2022)).

Most problematic for Summers' First Amendment claim, and also her Fourth Amendment claim discussed below, is that there is no evidence Defendants hit her in the head with a projectile. Summers was hit in the head with an object at 9:15 p.m., specifically between 9:15:36 p.m. and 9:15:38 p.m. on May 29, 2020. Filing No. 134-3; Filing No. 134-5; Filing No. 134-6. Summers was located at or near the southwest corner of the intersection of 72nd and Dodge. Filing No. 134-3; Filing No. 134-5; Filing No. 134-6. Defendant Desautels had his body camera on during the events alleged by Summers. Filing No. 134-4. Desautels' body camera footage shows he was west of the police skirmish line at 72nd and Dodge and standing beside a van at the time and immediately before the time Summers was hit. *Id.* The body camera video does not show Desautels

firing, launching, or throwing any less lethal munitions at or near the time Summers was hit.

Defendant Curd did not wear a body camera that evening. However, Curd is seen on the body worn camera of Officer Matthew Slingwine at pertinent times on the evening of May 29, 2020. Filing No. 134-3. Curd was in view of Slingwine's body camera between 9:15:36 p.m. and 9:15:38 p.m. *Id.* The body camera video does not show Curd deploying any less lethal munitions towards the area of Summers at or near that time. *Id.* Further, the body camera videos (Filing No. 134-3; Filing No. 134-4) show that there were objects being thrown by the protestors at the police skirmish line, which Summers was near at the southwest corner of 72nd and Dodge.

Summers, as the non-moving party, is required to "submit[] evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Torgerson*, 643 F.3d at 1042 (quoting *Celotex*, 477 U.S. at 324). However, Summers' counsel has failed to present any evidence that would contradict Defendants' version of events as set forth in the body camera videos. Therefore, there is no evidence to support that Defendants took adverse action on Summers, and Defendants are entitled to summary judgment on this claim.

**C. Fourth Amendment**

Second, Summers claims Defendants' actions violated her Fourth Amendment rights. Filing No. 103. Specifically, she claims, "Defendants willfully engaged in the course of conduct that constituted excessive force by shooting her in the head with a projectile." *Id.*

To have a Fourth Amendment claim, there must be a seizure, and the seizure must be unreasonable. *See Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (excessive force claims are governed by the Fourth Amendment's prohibition of unreasonable seizures). If the Plaintiff was not seized, no Fourth Amendment violation occurred. *Steed, by and through Steed v. Mo. State Highway Patrol*, 2 F.4th 767, 770 (8th Cir. 2021) (affirming dismissal of Fourth Amendment claims upon concluding there was no seizure).

As already discussed above in Summers' First Amendment claim, there is no evidence Defendants hit Summers in the head with a projectile. The body camera videos do not show Desautels or Curd deploying any less lethal munitions towards the area of Summers at or near the time she was hit. Filing No. 134-3; Filing No. 134-4. Summers, as the non-moving party, is required to "submit[] evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Torgerson*, 643 F.3d at 1042 (quoting *Celotex*, 477 U.S. at 324). However, Summers' counsel has failed to present any evidence that would contradict Defendants' version of events as set forth in the body camera videos. Therefore, there is no evidence to support that Defendants seized or used excessive force on Summers, and Defendants are also entitled to summary judgment on this claim.

## III. CONCLUSION

Summers' counsel has failed to present evidence in opposition to summary judgment showing that there is a genuine dispute. Therefore, the facts show the Defendants are entitled to summary judgment on Summers' First Amendment and Fourth Amendment claims.

IT IS ORDERED:

1. Defendants' Motion for Summary Judgment, Filing No. 133, is granted.
2. The Court will enter a separate judgment.

Dated this 30th day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon

Senior United States District Judge